| STATE OF INDIANA | ) | LAKE _____ COURT |
| --- | --- | --- |
|  | ) SS: | CIVIL DIVISION, ROOM _____ |
| COUNTY OF LAKE | ) | _____, INDIANA |

```
NATHAN DAMASIUS           )
                          )
    Plaintiffs,            )
                          )
    -vs-                   )  CAUSE NO.:
                          )
                          )
RONALD VANNESS; and       )
RAWHIDE EXPRESS, INC.; and )
XTRA, LLC.                )
    Defendants.           )
```

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now the Plaintiffs, Nathan Damasius, by counsel and for their claim against the Defendants, Ronald Vanness and Rawhide Express, Inc., states as follows:

1. At all times pertinent to the instant complaint, Nathan Damasius, an individual, was and currently is a resident of Lake County, Indiana.

2. At all times pertinent to the instant complaint, Ronald Vanness, an individual working as a commercial interstate trucker, was and currently is believed to be a resident of London, Madison County, Ohio.

3. At all times pertinent to the instant complaint, Rawhide Express, Inc., was and currently is a corporation which employs interstate truckers, including Ronald Vanness, with headquarters in Kalkaska, Kalkaska County, Michigan, which regularly conducted business within the boundaries of the State of Indiana.

4. At all times pertinent to the instant complaint, XTRA, LLC., was and currently is a corporation which owns and leases vehicles to truckers, with headquarters in St. Louis, Missouri.

1

5. On January 19, 2019, at approximately 2:00 p.m. the Plaintiff, Nathan Damasius (hereafter "Damasius") was operating his vehicle southbound on Interstate 65 in the inside lane at or about the 191 mile marker near Wolcott, White County, Indiana.

6. At said time and place, the Defendant Ronald Vanness (hereafter "Vanness"), was operating a tractor-trailer combination southbound in the outside lane, when he switched to the inside lane and collided with rear end of the vehicle operated by Damasius.

7. That on January 19, 2019, the Defendant Vanness owed a duty to Plaintiff Damasius, and to all other drivers and passengers upon the roadway a duty to use reasonable care in the inspection, maintenance, repair and operation of the tractor-trailer that he was operating.

8. That on or about January 19, 2019, the Defendant Vanness breached the foregoing duties and was negligent.

9. The Defendant Vanness's negligent conduct includes, but is not limited to:

   a. Failure to keep a proper lookout;

   b. Failure to maintain control of his vehicle;

   c. Failure to maintain a safe speed for the conditions;

   d. Failure to maintain a safe distance between vehicles in light of the conditions;

   e. Failure to make safe and proper lane changes; and

   f. Driving in such a manner as to cause a collision.

10. The Defendant Vanness, was an agent and/or employee of Defendants, Rawhide Express Inc. and/or defendant, XTRA, LLC. and Vanness was acting in the

course and scope of his agency and/or employment relationship at the time of the collision, so as to make Defendants, Rawhide Express Inc. and/or defendant, XTRA, LLC. liable for the acts of its agent and/or employee.

11. Regardless of the relationship between Vanness and Rawhide Express Inc., Rawhide Express Inc. is the owner of the USDOT number displayed on the tractor unit involved in this collision and Rawhide Express Inc. is therefore liable for the acts of the driver of that vehicle.

12. Regardless of the relationship between Vanness and XTRA, LLC., XTRA LLC. is listed as the Registered owner of the tractor unit involved in this collision and XTRA, LLC. is therefore liable for the acts of the driver of that vehicle.

13. Rawhide Express Inc. and XTRA, LLC. are authorized to operate motor carriers under the Federal Motor Carrier Safety Act.

14. That on or before January 19, 2019, Vanness was an employee, agent and/or statutory employee of Rawhide Express Inc. and/or XTRA, LLC. as defined by the Federal Motor Carrier Safety Act, and are therefore liable for the act or omissions of Vanness.

15. That on or before January 19, 2019, Defendants Rawhide Express Inc. and XTRA, LLC. owed Plaintiff and other drivers and passengers upon the roadway a duty to use reasonable care in the inspection, maintenance, repair and/or entrustment in the operation of the tractor-trailer owned and/or leased by Rawhide Express Inc. and/or XTRA, LLC..

16. That on or before January 19, 2019, the Defendants Rawhide Express Inc. and XTRA, LLC. breached the foregoing duties.

17.     As a direct and proximate cause of the negligent conduct of the Defendants, the Plaintiff Nathan Damasius suffered injuries, some of which are permanent, suffered past, present and future expenses for medical care, testing and treatment, suffered past, present, and future physical and mental pain, suffered past, present and future inconvenience, lost wages, and suffered an inability to engage in his normal daily activities for an indefinite period of time.

WHEREFORE, the Plaintiff, Nathan Damasius, demand judgment against the Defendants, and requests the following relief:

1.     Reasonable compensatory damages;

2.     Costs of this action; and

3.     For all other just and proper relief.

Respectfully submitted,

Joshua S. Malher, Attorney #29008-64
Stracci Law Group, P.C.
9205 Broadway, Suite B
Merrillville, Indiana 46410
219.525.1000 (voice and fax)
jmalher@straccilaw.com

4

PLAINTIFFS DEMAND TRIAL BY JURY.

Respectfully submitted,

Joshua S. Malher, Attorney #29008-64
Stracci Law Group, P.C.
9205 Broadway, Suite B
Merrillville, Indiana 46410
219.525.1000 (voice and fax)
jmalher@straccilaw.com